**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CIRAS, LLC,              )<br>                        )<br>          Plaintiff(s),  )<br>                        )<br>   vs.                  )<br>                        )<br> R. WAYNE ZIEGLER, an individual; )<br> and CARSON VALLEY GARDEN & )<br> RANCH CENTER, LLC, a Nevada  )<br> limited liability company,    )<br>                        )<br>          Defendant(s). )<br>_____) | Case No. 2:10-cv-2019-RLH-RJJ<br><br>**O R D E R**<br>(Motion for Relief–#20)<br>(Motion for Hearing–#21) |

Before the Court is Defendants' **Motion for Relief from Default and Default Judgment** (#20, filed February 24, 2011). Plaintiff filed a Response (#22), to which Defendants filed a Reply (#23).

Also before the Court is Plaintiff's **Motion for Hearing to Determine Issue of Exemption** (#21, filed March 4, 2011). Defendants filed a Response (#24). The Court will not await a reply to the response as the issue raised in the motion is moot.

**I. MOTION FOR RELIEF FROM DEFAULT AND DEFAULT JUDGMENT**

Plaintiff filed a Complaint against Defendants on November 18, 2010, after inadequate response to correspondence claiming default and demanding a resolution of the matter. The correspondence also put Defendants on notice that if there was no satisfactory resolution of the matter, litigation would ensue.

////

1

Defendants were properly sued, but failed to file an Answer to the Complaint or to bring a motion to dismiss. Default was sought and entered on January 4, 2011. The following day, Plaintiff filed a motion for default judgment, accompanied by the appropriate affidavit establishing the basis for the judgment. Default judgment was entered on January 11, 2011. Writs of Execution were obtained against the Defendants on February 3, 2011, and Plaintiff proceeded to garnish the bank account of Ziegler's wife, a non-party.

Until the garnishment of Ziegler's wife, neither Defendant took any action to answer the Complaint, challenge its sufficiency or challenge the efficacy of the default or default judgment.

Defendants now seek to set aside both the default judgment and the default, so they can answer, or move to dismiss, the complaint, on the ground that Ziegler expected to receive a hearing prior to the entry of the Default Judgment, citing Fed. R. Civ. P. 60(b), which permits relief if the default and/or default judgment is the result of inadvertence, mistake, or excusable neglect.

The Court finds that Defendants' conduct does not qualify for relief under rule 60(b). The actions demonstrated, and not refuted, by Defendants is not mere negligence. It is not a mere mistake. It is not excusable neglect. Rather, the Court finds that it is intentional disregard for the law, for Defendants' obligations and for repeated attempts by Plaintiff to address its claims. The failure to respond to the Complaint provides no assurance that Defendants would have responded to other opportunities to be heard, until convinced that Plaintiff was really serious about attempting to collect. Belated arguments about the merits of the Complaint are inexcusable. If the claims in the Complaint were insufficient, or false, a motion to dismiss should have been promptly filed. Defendants may not sit on their rights (or their defenses) and say, in effect, we want one more chance to be heard. The motion will be denied.

**II. MOTION FOR HEARING ON ISSUE OF EXEMPTION**

The Court will not repeat the procedural history stated above, but will note the fact that the Writs of Execution were issued against the named Defendants, not against Mrs. Ziegler, a non-party. Accordingly, the execution of those writs against her bank account is unacceptable and

1  the issue of exemption does not even arise.

2         The Court will not authorize Plaintiff to execute against the bank account of a person who they failed to name in the Complaint, failed to assert any claims against, and failed to identify in its writs of execution.  Nor will it permit, post-judgment, Plaintiff to amend its Complaint or the Judgment.  Accordingly, the Court will deny the motion as moot and order Plaintiff to disgorge any attachment or collection of amounts from the bank account of Mrs. Margaret Ziegler and return it to her account.

       IT IS THEREFORE ORDERED that Defendants' **Motion for Relief from Default and Default Judgment** (#20) is DENIED.

       IT IS FURTHER ORDERED that Plaintiff's **Motion for Hearing to Determine Issue of Exemption** (#21) is DENIED as moot.

       IT IS FURTHER ORDERED that Plaintiff is hereby ordered to forthwith DISGORGE AND RETURN to Mrs. Margaret Ziegler's account any money attached or collected pursuant to writs of execution or otherwise.

       Dated; March 16, 2011.

_____
**Roger L. Hunt**
**Chief United States District Judge**