# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CIRAS, LLC, | Case No.: 2:10-cv-02019-RLH-RJJ |
| Plaintiff, | **O R D E R** |
| vs. | |
| R. WAYNE ZIEGLER, an individual; and CARSON VALLEY GARDEN & RANCH CENTER, LLC, a Nevada limited liability company, | |
| Defendants. | |

Before the Court is Defendants R. Wayne Ziegler and Carson Valley Garden & Ranch Center, LLC's *Ex Parte* **Motion (1) to Shorten Time (2) For Hearing; and (3) For Interim Relief** (#27, filed Apr. 8, 2011) with respect to Defendants' Objection to Attachment and Notice of Third-Party Claim (#26, filed Apr. 7, 2011) to which Plaintiff Ciras, LLC submitted a Reply (#30, filed Apr. 11, 2011).

This dispute arises from a breach of contract scenario. Plaintiff Ciras, LLC filed its Complaint (#1) on November 18, 2010. After Defendants' failure to respond, Ciras obtained a Default Judgment (#12) on January 11, 2011. According to Defendants, Ciras improperly executed a writ of attachment on April 2 and again on April 6. In their Objection(#26),

1

AO 72
(Rev. 8/82)

1   Defendants ask the Court, among other things, for an expedited hearing on their Objection, to
2   order Ciras to immediately return all items on consignment and all equipment subject to third-
3   party claims, to direct Ciras to provide a plan of sale in accordance with NRS §§ 21.030 and
4   21.050, and to deliver an inventory of items seized on Saturday, April 2, 2011.

5          Rule 7-5 of the Local Rules of Practice states, "[a]ll *ex parte* motions applications
6   or requests shall contain a statement showing good cause why the matter was submitted to the
7   court without notice to all parties, [and] [a]ll *ex parte* matters shall state the efforts made to obtain
8   a stipulation and why a stipulation was not obtained." These stringent restrictions on *ex parte*
9   relief "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken
10  before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."
11  *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438–39
12  (1974). Defendants did not state why this motion was filed *ex parte*, nor did they state their efforts
13  to obtain a stipulation. Accordingly, the Court finds that Plaintiff has not met his burden in
14  submitting the motion under *ex parte* seal.

15         Accordingly, and for good cause appearing,

16         IT IS HEREBY ORDERED that the Clerk of the Court shall unseal Defendants' *Ex*
17  *Parte* Motion (1) to Shorten Time (2) For Hearing; and (3) For Interim Relief (#27).

18         IT IS FURTHER ORDERED that Defendants' Motion (#27) is GRANTED in part
19  and DENIED in part as follows:

20  •   GRANTED as to Defendants' request for expedited hearing. The parties shall appear
21      before this Court on the **Thursday, April 14, 2011, at 10:00 a.m.** in reference to
22      Defendants' Objection to Attachment and Notice of Third Party Claims (#26) and
23      Plaintiff's Reply (#30). The Court will attempt to arrange Defendants' appearance via
24      video conference from the Bruce R. Thompson United States Courthouse, 400 South
25      Virginia Street, Reno, Nevada, 89501, while the Court will appear from Courtroom 6C of
26      the Lloyd D. George United States Courthouse, 333 Las Vegas Blvd. South, Las Vegas,

Nevada, 89101. If video conferencing equipment is not available, the hearing will be held in Reno at the Bruce R. Thompson United States Courthouse. The Court will further advise the parties by the close of business on Tuesday, April 12, 2011;

- GRANTED as to Defendants' request for confirmation that they may resume business operations to the extent they are able to procure additional inventory and that no more seizures will occur before the April 14, 2011 hearing;
- DENIED as to all other requests.

Dated: April 11, 2011.

_____
**ROGER L. HUNT**
**Chief United States District Judge**