ROBERT E. ATKINSON, ESQ.
Nevada Bar No. 9958
Email:  robert@kensingtonhartnett.com
**KENSINGTON HARTNETT LAW**
10120 S Eastern Ave, Suite 201
Henderson, NV 89052
Telephone: (702) 617-3200
Facsimile: (702) 614-0647
*Attorney for CIRAS, LLC*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| CIRAS, LLC,<br><br>             Plaintiff;<br>v.<br><br>R. WAYNE ZIEGLER, an individual; and CARSON VALLEY GARDEN & RANCH CENTER, LLC, a Nevada limited-liability company;<br><br>             Defendants. | CASE NO. 10-cv-02019<br><br>**MOTION FOR<br>ORDER SHORTENING TIME** |

By and through counsel, Plaintiff CIRAS, LLC ("*Plaintiff"* or *"Judgment Creditor"*) hereby moves this Court for an Order Shortening Time permitting the hearing of the contemporaneously docketed Motion to Sell Perishable Property ("*Motion to Sell*") (Docket Entry #40).  The Motion to Sell seeks to allow the sale of perishable property obtained under execution.

This Motion for OST is made and based on: the arguments set forth herein; the pleadings in this case; and the *Affidavit of Michael O'Dell in Support of the Ex Parte Motion to Sell Perishable Property and for Order Shortening Time ("O'Dell Afft.")* attached herewith.

DATED: April 13, 2011        **KENSINGTON HARTNETT LAW**

         /s/Robert Atkinson
ROBERT ATKINSON, ESQ.
Nevada Bar No. 9958
*Attorney for Plaintiff*

-1-

## MEMORANDUM OF POINTS AND AUTHORITIES

1. The scope of the requested action is to allow Plaintiff to sell the perishable items that were obtained in the execution of judgment. Specifically, there are several hundred high maintenance trees that may become unsellable due to the length of time required to adjudicate these issues. Good cause exists because this matter could take substantial time to resolve, the trees are perishable products, and they are expensive to maintain. O'Dell Afft. at ¶ 4.

2. To set a hearing on this matter on normal course would prejudice Plaintiff and furthermore, the Defendant's Objection is to be heard April 14, 2011, therefore it simply would assist in the efficiency of the proceedings to hear this Motion to Sell at the same time.

3. Plaintiff is spending significant money to water, maintain, and store just these perishable items. O'Dell Afft. at ¶ 5-7.

4. Due to the adversarial nature of Defendants and their road-block of non-supported claims, perishable items that should have already been teed up for sale are instead sitting at a storage facility waiting for this matter to be heard by the Court.

**Requested Relief**

5. Plaintiff respectfully requests an order on shortened time, preferably set for **Thursday April 14, 2011, at 10:00 am** for a hearing on this matter.

6. This date is preferred because it is the same date that Defendants' Objection to Attachment and Notice of Third Party Claims (DE #26) and Plaintiff's Reply (DE #30) will be heard by this Court.

7. In accordance with LR 6-2, a proposed order has been docketed as an attachment.

WHEREFORE, Plaintiff/Judgment Creditor respectfully requests granting of the relief requested herein.

Dated:  April 13, 2011                                   **KENSINGTON HARTNETT LAW**

                                                                            /s/ Robert Atkinson
                                                                  ROBERT ATKINSON, ESQ.